Filed 8/10/21  P. v. Cloyd CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C092424 |
| Plaintiff and Respondent, | (Super. Ct. No. 20F2904) |
| v. | |
| DESMOND THOMAS CLOYD, | |
| Defendant and Appellant. | |

Defendant Desmond Thomas Cloyd pleaded no contest to corporal injury on a cohabitant/child's parent and resisting a peace officer.  After placing defendant on a term of probation, the court imposed the mandatory minimum restitution fine and court operations and conviction assessments.  On appeal, defendant argues the imposition of the assessments without a hearing on his ability to pay them violates his constitutional rights, and the imposition of the restitution fine without an ability to pay hearing violates equal protection principles and the constitutional prohibition on excessive fines.  We

reject defendant's contentions, but will modify the judgment to dismiss the balance of the charging document and affirm the judgment, as modified.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant choked the victim, with whom he had a romantic relationship and child, until she was nearly unconscious. When police officers attempted to arrest defendant, he fled. The prosecution charged defendant with assault with force likely to cause great bodily injury (Pen. Code, § 245, subd. (a)(4)—count 1),[1] corporal injury to a cohabitant/child's parent (§ 273.5, subd. (a)—count 2), resisting an officer (§ 148, subd. (a)(1)—count 3), child endangerment (§ 273a, subd. (b)—count 4), and two counts of violating a protective order (§ 273.6, subd. (a)—counts 5 & 6). Defendant pleaded no contest to the corporal injury to a cohabitant/child's parent and resisting an officer counts. As part of the agreement, all other counts were to be dismissed.

The trial court suspended imposition of sentence and placed defendant on a three-year term of probation, which included service of up to 180 days in county jail. The court imposed various fines, fees, and assessments, including a $300 restitution fine, a stayed $300 probation revocation fine, a $40 court operations assessment, and a $30 criminal conviction assessment. Defendant did not object to the imposition of these amounts.

## DISCUSSION

Relying on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), and its underlying authorities, defendant challenges the $300 restitution fine, $40 court operations assessment, and $30 criminal conviction assessment, arguing the trial court violated his constitutional rights when it imposed the amounts without first assessing his ability to pay them. In particular, defendant argues *Dueñas* requires the two assessments

---

[1]     Undesignated statutory references are to the Penal Code.

2

to be stayed, and equal protection principles and the constitutional prohibition on excessive fines require the same for the restitution fine.

The People argue defendant forfeited his claims because he did not raise the issue of his ability to pay in the trial court. Assuming without deciding defendant's challenges to these fines and assessments were not forfeited, we conclude *Dueñas* was wrongly decided and therefore reject defendant's claims on that basis.

Drawing on principles of due process *Dueñas* held that "due process of law requires the trial court to conduct an ability to pay hearing and ascertain a defendant's present ability to pay before it imposes court facilities and court operations assessments under . . . section 1465.8 and Government Code section 70373." (*Dueñas, supra,* 30 Cal.App.5th at p. 1164.) The *Dueñas* court also held that "although . . . section 1202.4 bars consideration of a defendant's ability to pay unless the judge is considering increasing the fee over the statutory minimum, the execution of any restitution fine imposed under this statute must be stayed unless and until the trial court holds an ability to pay hearing and concludes that the defendant has the present ability to pay the restitution fine." (*Ibid.*)

Our Supreme Court is now poised to resolve this question, having granted review in *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted November 13, 2019, S257844, which agreed with the court's conclusion in *Dueñas* that due process requires the trial court to conduct an ability to pay hearing and ascertain a defendant's ability to pay before it imposes court facilities and court operations assessments under section 1465.8 and Government Code section 70373, but not restitution fines under section 1202.4. (*Kopp,* at pp. 95-96.)

In the meantime, we join several other courts in concluding the principles of due process do not require determination of a defendant's present ability to pay before imposing the fines and assessments at issue in *Dueñas* and in this proceeding. (*People v. Kingston* (2019) 41 Cal.App.5th 272, 279; *People v. Hicks* (2019) 40 Cal.App.5th 320,

3

329, review granted Nov. 26, 2019, S258946; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1069 (*Aviles*); *People v. Caceres* (2019) 39 Cal.App.5th 917, 928.) Having done so, we reject defendant's *Dueñas* challenge to the mandatory assessments.

As to the restitution fine, we similarly agree with cases concluding equal protection principles do not require an ability to pay hearing. As explained in *Aviles,* "*Dueñas*'s due process and equal protection analysis was improperly based on a series of cases that addressed the concern 'that due process and equal protection guaranteed an indigent criminal defendant a free transcript of trial proceedings in order to provide that defendant with access to a court of review, where he [or she] would receive an adequate and effective examination of his criminal conviction. [Citation.]' [Citation.] *Dueñas*'s reliance on certain statutes was also incorrect because 'these statutes instead ensure that all people, without regard to economic status, have equal access to our justice system.' [Citation.] The fine and assessments imposed on the probationer in *Dueñas* did not raise 'an issue of access to our courts or justice system' or satisfy 'the traditional due process definition of a taking of life, liberty or property.' [Citation.] '[There is] no general due process and equal protection authority which requires a court to conduct a preassessment present ability-to-pay hearing before imposing any fine or fee on a defendant, as *Dueñas* seems to conclude.' " (*Aviles, supra,* 39 Cal.App.5th at pp. 1068-1069, italics omitted.)

As to the federal and state constitutional prohibitions on excessive fines, we are not persuaded by defendant's claim that imposing the restitution fine without considering his ability to pay violated the excessive fines clauses of the federal and state Constitutions.

"The Eighth Amendment prohibits the imposition of excessive fines. The word 'fine,' as used in that provision, has been interpreted to be ' "a payment to a sovereign as punishment for some offense." ' " (*People v. Gutierrez* (2019) 35 Cal.App.5th 1027, 1040 (conc. opn. of Benke, J.).) The determination of whether a fine is excessive for purposes of the Eighth Amendment is based on the factors set forth in *United States v.*

4

*Bajakajian* (1998) 524 U.S. 321 [141 L.Ed.2d 314] (*Bajakajian*). (*People ex rel. Lockyer v. R.J. Reynolds Tobacco Co.* (2005) 37 Cal.4th 707, 728.)

"The touchstone of the constitutional inquiry under the Excessive Fines Clause is the principle of proportionality: The amount of the forfeiture must bear some relationship to the gravity of the offense that it is designed to punish. [Citations.]" (*Bajakajian, supra*, 524 U.S. at p. 334.) "[A] punitive forfeiture violates the Excessive Fines Clause if it is grossly disproportional to the gravity of a defendant's offense." (*Ibid.*)

The California Supreme Court has summarized the factors in *Bajakajian* to determine if a fine is excessive in violation of the Eighth Amendment: "(1) the defendant's culpability; (2) the relationship between the harm and the penalty; (3) the penalties imposed in similar statutes; and (4) the defendant's ability to pay." (*People ex rel. Lockyer v. R.J. Reynolds Tobacco Co., supra*, 37 Cal.4th at p. 728; see *People v. Gutierrez, supra*, 35 Cal.App.5th at pp. 1040-1041 (conc. opn. of Benke, J.).) "While ability to pay may be part of the proportionality analysis, it is not the only factor." (*Aviles, supra*, 39 Cal.App.5th at p. 1070, citing *Bajakajian, supra*, 524 U.S. at pp. 337-338.) We review the excessiveness of a fine challenged under the Eighth Amendment de novo. (*Aviles,* at p. 1072.)

Here, the $300 restitution fine imposed in defendant's case was not grossly disproportionate to the level of harm and defendant's culpability in the offense. Defendant choked the mother of his child until she was nearly unconscious while she was changing their baby's diaper, and only stopped when one of her two other children yelled at defendant to stop. It was not grossly disproportionate to impose the statutory minimum restitution fine for such conduct. Accordingly, the $300 restitution fine imposed in this case is not excessive under the Eighth Amendment.

Finally, we note that the terms of the parties' plea agreement required the dismissal of counts 1, 4, 5, and 6 after defendant pleaded to counts 2 and 3. The court did

not orally dismiss these counts, although dismissal is noted in the court's minute order. We will modify the judgment to dismiss the counts.  (§ 1260; see *People v. Mancheno* (1982) 32 Cal.3d 855, 860-861.)

DISPOSITION

The judgment is modified to dismiss the balance of the charging document.  As modified, the judgment is affirmed.

/s/

BLEASE, Acting P. J.

We concur:

/s/
MURRAY, J.

/s/
RENNER, J.